STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 432163p)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5082
    Fax: (408) 535-5066
    christopher.jeu@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant, | Case No. 22-cv-00948-NC<br><br>**FEDERAL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　Wednesday, July 20, 2022<br>Time:　1:00 p.m.<br>Place:　Courtroom 5, 4th Floor<br><br>Honorable Nathanael Cousins |

1

**TABLE OF CONTENTS**

2   I.   INTRODUCTION.................................................................................................2

3   II.  LEGAL STANDARDS ........................................................................................3

4        A.   Fed. R. Civ. P. 12(b)(1).............................................................................3

5        B.   Fed. R. Civ. P. 12(b)(6).............................................................................3

6   III. ARGUMENT .......................................................................................................4

7        A.   The Court Should Dismiss this Case Based on Res Judicata, Because Plaintiff
             Asserted Practically Identical Claims in a Prior Lawsuit that Was Adjudicated
8            on the Merits..............................................................................................4

9        B.   The Court Should Dismiss this Election Case, Because Plaintiff
             Lacks Standing...........................................................................................6

10
             1.   Plaintiff has no cognizable injury-in-fact, because the voting concerns
11                are generalized grievances. ..............................................................7

12           2.   Plaintiff's alleged injury is not redressable, as the 2020 Presidential
                  Election process has been completed..................................................9
13
         C.   Plaintiff's Lawsuit is Moot, as the 2020 Presidential Election is Done............10
14
         D.   The Court Should Dismiss With Prejudice, Because Amendment Would
15            Be Futile..................................................................................................11

16
     IV. CONCLUSION ...................................................................................................12
17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

Cases

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ................................................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 4

*Bognet v. Sec'y Commonwealth of Pa.*,
  980 F.3d 336 (3d Cir. 2020) .................................................................................................... 8

*Bowyer v. Ducey*,
  506 F. Supp. 3d 699 (D. Ariz. 2020) ........................................................................... 8, 10, 11

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ............................................................................................... 11

*Consumer Fin. Prot. Bureau v. Gordon*,
  819 F.3d 1179 (9th Cir. 2016) ................................................................................................. 8

*Donald J. Trump for President, Inc. v. Cegavske*,
  488 F. Supp. 3d 993 (D. Nev. 2020) ....................................................................................... 8

*Ellis v. Circle K Corp.*, No. 19-cv-01145-PHX-SPL,
  2019 WL 10351581 (D. Ariz. Mar. 7, 2019) ........................................................................ 11

*Feehan v. Wisconsin Elections Comm'n*,
  506 F. Supp. 3d 596 (E.D. Wis. Dec. 9, 2020) ....................................................................... 9

*Gallinger v. Becerra*,
  898 F.3d 1012 (9th Cir. 2018) ............................................................................................... 11

*Garity v. APWU Nat'l Lab. Org.*,
  828 F.3d 848 (9th Cir. 2016)) .................................................................................................. 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1989) ............................................................................................. 3, 4

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
  403 F.3d 683 (9th Cir. 2005) ................................................................................................... 6

*Hernandez-Mora v. Garland*, No. 18-72129,
  2022 WL 445523 (9th Cir. Feb. 14, 2022) ............................................................ 5

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013) ............................................................................................... 7

*In re Castaic Partners II, LLC*,
  823 F.3d 966 (9th Cir. 2016) ................................................................................ 10

*Jones v. Montague*,
  194 U.S. 147 (1904) .......................................................................................... 10, 11

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .................................................................................. 4

*King v. Whitmer*,
  505 F. Supp. 3d 720 (E.D. Mich. 2020) ............................................................ 10, 11

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) ............................................................................................... 3

*Lance v. Coffman*,
  549 U.S. 437 (2007) ............................................................................................... 7

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ................................................................................. 2

*Lenk v. Monolithic Power Sys., Inc.*, No. 20-cv-08094-BLF,
  2021 WL 5233078 (N.D. Cal. Nov. 10, 2021) ................................................ 4, 5, 6

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
  140 S. Ct. 1589 (2020) ........................................................................................ 4, 5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................ 7, 8

*Murphy v. Hunt*,
  455 U.S. 478 (1982) .............................................................................................. 10

*Nguyen v. United States*, No. 20-cv-08755-NC,
  2022 WL 822435 (N.D. Cal. Jan. 11, 2022) ............................................... 6, 7, 9, 10

*O'Rourke v. Dominion Voting Sys.*, No. 20-cv-3747-NRN,
  2021 WL 1662742 (D. Colo. Apr. 28, 2021) ........................................................... 9

*Paher v. Cegavske*,
  457 F. Supp. 3d 919 (D. Nev. 2020) ........................................................................ 8

*Parabia v. State Bank of Texas*, No. 19-cv-0725-BEN-MSB,
    2020 WL 4436352 (S.D. Cal. Aug. 3, 2020) .................................................. 11

*Santos v. Office Depot, Inc.,* No. 19-55906,
    816 F. App'x 183 (9th Cir. 2020) ........................................................... 2

*Saul v. United States*
    928 F.2d 829 (9th Cir. 1991) ............................................................... 11

*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.,*
    88 F.3d 780 (9th Cir. 1996) ................................................................. 3

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .......................................................................... 7

*Stewart v. U.S. Bancorp*,
    297 F.3d 953 (9th Cir. 2002) ............................................................... 6

*Texas v. Pennsylvania*,
    141 S. Ct. 1230 (2020) .................................................................... 8, 9

*United States v. Lazarenko*,
    476 F.3d 642 (9th Cir. 2007) ............................................................... 8

*United States v. Richardson*,
    418 U.S. 166 (1974) .......................................................................... 7

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) ............................................................... 3

*Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*,
    5 F.4th 997 (9th Cir. 2021) ............................................................... 6, 7

*Wood v. Raffensperger*,
    981 F.3d 1307 (11th Cir. 2020) ......................................................... 8, 10

Rules

Fed. R. Civ. P. 12(b)(1) ........................................................................... 1, 3
Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 3

Other Authorities

Civ. L.R. 7 .......................................................................................... 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

TO PLAINTIFF, APPEARING IN PRO PER:

PLEASE TAKE NOTICE that, on Wednesday, July 20, 2022, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 5, 4th Floor, United States Courthouse, 280 South First Street, San Jose, California, the Honorable Nathanael Cousins presiding, Defendant United States of America will appear and move the Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for an order dismissing the Complaint (ECF No. 1) with prejudice for lack of subject matter jurisdiction and failure to state a claim.

## NOTICE OF DUE DATE FOR PLAINTIFF'S RESPONSIVE BRIEF

TO PLAINTIFF, APPEARING IN PRO PER:

Pursuant to Civil L.R. 7-3(a), within 14 days of filing of this motion (*i.e.*, June 27, 2022), Plaintiff's opposition or other response to this motion must be filed with the Court.

## RELIEF SOUGHT BY DEFENDANT

Defendant seeks an order dismissing the claims against it with prejudice for lack of subject matter jurisdiction and failure to state a claim.

## ISSUES TO BE DETERMINED

1.      Whether Plaintiff's claims, which were previously adjudicated by this Court in a practically identical lawsuit, should be dismissed under principles of res judicata.

2.      Whether Plaintiff has Article III standing to allege generalized voter grievances.

3.      Whether Plaintiff's lawsuit is moot, as the 2020 Presidential Election processes have been long concluded.

FEDERAL DEF.'S MOTION TO DISMISS
CASE NO. 22-CV-00948-NC

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

In this Federal Tort Claims Act case ("*Nguyen II*"), Plaintiff Mai-Trang Thi Nguyen ("Plaintiff" or "Ms. Nguyen") seeks a "recount-recheck" of the 2020 Presidential Election and financial damages.  *See* Compl. (ECF No. 1) at 1:23-25, 2:20-22, 4:14-16 and 13:5-7.  In the Complaint, Plaintiff contends that in the 2020 Presidential Election, for the "[f]irst time in the history of America, voters [could] vote in the comfort of their homes and simply drop their votes into their mail boxes;" and that "[t]his new voting system was America's answer for voting during the pandemic to prevent the spread of Covid-19."  *Id*. at 4:5-10.  Plaintiff asserts that although "the experts confirmed that this new voting system" was "successful" and had "very little fraud[]," "there was no recount-recheck conducted in battleground states or across America."  *Id*. at 4:14-16.  Thus, Plaintiff alleges that the United States negligently conducted the 2020 Presidential Election, as "[a] recount-recheck in battleground states" would be the "only system" that can repair the defects in the proverbial "new product."  *Id*. at 10:4-23.  In the demand for relief, Plaintiff seeks "$1 trillion for her mental injury," but she is willing to "return it upon receiving the money."  *Id*. at 19:5-7.

This is not the first time that Plaintiff has filed a lawsuit to challenge the 2020 Presidential Election.  In a prior Federal Tort Claims Act ("FTCA") lawsuit, Plaintiff also sought a recount of the 2020 Presidential Election.  *See* Case No. 20-cv-8755-NC (N.D. Cal.) ("*Nguyen I*"), Third. Am. Compl. (ECF No. 23) at 1, 3-4 and 6.[1]  In the *Nguyen I* litigation, Plaintiff alleged that "[t]he United States committed a treason when it stated a lie that the coronavirus-infected Presidential Election of 2020 was '100% secure[]'/had 'very little fraud[]'/and had 'no massive fraud.'"  *Id*. at 6:1-4.  In *Nguyen I*, Plaintiff likewise asserted that there should have been a "recount-recheck," as the 2020 Presidential Election involved the "first launch of the nationwide mass-mail-out-ballots."  *Id*. at 6:5-8.  In *Nguyen I*, Plaintiff alleged that "$1,000,000,000" was in controversy, but Plaintiff was willing to

---

[1] Defendant respectfully requests that the Court take judicial notice of the pleadings filed in Case No. 20-cv-8755-NC, including the Third Amended Complaint (ECF No. 23).  *See Santos v. Office Depot, Inc.*, No. 19-55906, 816 F. App'x 183 (9th Cir. 2020) (mem.) (the "court may take judicial notice of matters of public record") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).)

1  "refuse any financial compensation if the U.S. does its job," such as by ordering "recount[s] in

2  battleground states." *Id*. at 4.

3        The Court should dismiss Plaintiff's Complaint for multiple reasons.  First, the Court should

4  dismiss Plaintiff's suit on res judicata grounds.  In the *Nguyen I* and *Nguyen II* lawsuits, Plaintiff has

5  asserted practically identical claims.  In addition, in *Nguyen I*, there was a final judgment on the merits.

6  Last, the parties were identical in both lawsuits.

7        Second, Plaintiff lacks Article III standing to bring this election lawsuit, because her claims are

8  based on generalized grievances.  Plaintiff has not suffered a legally cognizable injury-in-fact.

9  Likewise, Plaintiff's claims are not redressable and moot, because the 2020 Presidential Election

10  processes have been completed.  Last, the Court should dismiss with prejudice, because the defects in

11  Plaintiff's claims cannot be cured by amendment.

12  **II.    LEGAL STANDARDS**

13        **A.    Fed. R. Civ. P. 12(b)(1)**

14        Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks

15  jurisdiction.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co*.,

16  511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute[.]" *Id*.

17  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

18  contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).  "[P]laintiffs bear

19  the burden both of making an initial, prima facie showing of jurisdictional facts at the pleading stage and

20  of proving those facts by a preponderance at trial." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556

21  F.2d 406, 430 n.24 (9th Cir. 1977).

22        **B.    Fed. R. Civ. P. 12(b)(6)**

23        Fed. R. Civ. P. 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be

24  granted."  Dismissal may be based on either:  (1) "lack of a cognizable legal theory," or (2) "insufficient

25  facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d

26  780, 783 (9th Cir. 1996) (citations omitted).  Review is limited to the contents of the complaint,

27  including its properly submitted exhibits. *See Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896

28

FEDERAL DEF.'S MOTION TO DISMISS
CASE NO. 22-CV-00948-NC

F.2d 1542, 1555 n.19 (9th Cir. 1989). In addition, the "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## III.   ARGUMENT

### A.   The Court Should Dismiss this Case Based on Res Judicata, Because Plaintiff Asserted Practically Identical Claims in a Prior Lawsuit that Was Adjudicated on the Merits.

The Court should dismiss Plaintiff's Complaint, because Plaintiff has already litigated 2020 Presidential Election claims, and Plaintiff is bound by those prior legal determination.

The term res judicata "comprises two distinct doctrines regarding the preclusive effect of prior litigation." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). "The first is issue preclusion (sometimes called collateral estoppel), which precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Id.* (citations omitted). "The second doctrine is claim preclusion (sometimes itself called res judicata)." *Id.* "Unlike issue preclusion, claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Id.*

"Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits;

and (3) identity or privity between parties." *Lenk v. Monolithic Power Sys., Inc.,* No. 20-cv-08094-BLF, 2021 WL 5233078, at *4 (N.D. Cal. Nov. 10, 2021) (citing *Lucky Brand Dungarees, Inc.* 140 S. Ct. at 1594), *appeal dismissed*, No. 21-17035, 2022 WL 2062162 (9th Cir. Apr. 8, 2022). *See Hernandez-Mora v. Garland*, No. 18-72129, 2022 WL 445523, at *1 (9th Cir. Feb. 14, 2022) (same res judicata elements) (citing *Garity v. APWU Nat'l Lab. Org*., 828 F.3d 848, 855 (9th Cir. 2016).) "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Lenk*, 2021 WL 5233078, at *4 (citing *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 714 (9th Cir. 2001)).

First, Defendant has satisfied the identity of claims requirement. Both *Nguyen I* and *Nguyen II* arise from the "same transactional nucleus of facts." *Lenk*, 2021 WL 5233078, at *4. In both lawsuits, Ms. Nguyen raises practically identical challenges to the 2020 Presidential Election. *Compare Nguyen II,* Compl. (ECF No. 1) at 3:24-26 and 4:7-16 (alleging that the "2020 United States Presidential Election became the first election in America to occur in a pandemic (COVID-19 or Coronavirus pandemic)," and that "there was no recount-recheck conducted in battleground states"); with *Nguyen I,* Third Am. Compl. (ECF No. 23) at 6:1-6 (alleging that "[t]he United States committed a treason when it stated a lie that the coronavirus-infected Presidential Election of 2020 was '100% secured'/had 'very little fraud[]'/had 'no massive fraud' because they never conducted a recount-recheck"). Accordingly, in both *Nguyen I* and *Nguyen II*, Plaintiff asserted that in the course of the 2020 Presidential Election, there should have been a "recount-recheck."

Both *Nguyen* lawsuits arise from Plaintiff's criticism of mail-in-balloting. In *Nguyen I*, Plaintiff alleged that the 2020 Presidential Election involved the "first launch of the nationwide mass-mail-out-ballots and mass-mail-in ballot application system," so the United States should have "conducted a recount-recheck," in order to ensure the "system work[ed] properly." *Nguyen I*, Third. Am. Compl. (ECF No. 23) at 6:6-9. Accordingly, Plaintiff asserted that "whenever there is a new process in the system, we have to double check & triple check." *Id*. at 4.

In *Nguyen II*, Plaintiff likewise challenges whether "the U.S. government did a proper job in launching its new product (the new voting system that allowed voters to vote by mail)." *Nguyen II*,

Compl. (ECF No. 1) at 4:20-24.  Plaintiff further alleges that when "launching a new product," "extra things" have to be performed to "make sure the new product works properly."  *Id*. at 7:7-10.  Thus, in both lawsuits, Plaintiff alleges that the 2020 Presidential Election was negligently conducted, due to the purported failure to conduct a recount-recheck in battleground states.  *Compare Nguyen I*, Third Am. Compl. (ECF No. 23) at 4 and 6:1-9 and 6:19-26) *with Nguyen II*, Compl. (ECF No. 1) at 4:8-16, 8:3-11, 10:4-23, 12:11-18, 17:4-7).

Second, there was "final judgment on the merits" in *Nguyen I*.  *Lenk*, 2021 WL 5233078, at *4. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  *See Hells Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 686 (9th Cir. 2005) ("'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'") (citations omitted).  In *Nguyen I*, this Court dismissed Plaintiff's Third Amended Complaint with prejudice.  *Nguyen v. United States*, No. 20-cv-08755-NC, 2022 WL 822435, at *2 (N.D. Cal. Jan. 11, 2022).  This Court reasoned that "[b]ecause Plaintiff has already amended her complaint three times without curing the deficiencies, the Court finds that granting further amendment would be futile."  *Id*.  Thus, the second element is also satisfied in this case.

Third, there was "identity or privity between parties."  *Lenk*, 2021 WL 5233078, at *4. In *Nguyen I*, Ms. Nguyen brought suit against the United States.  *See Nguyen I*, Third Am. Compl. (ECF No. 23) at 1 and 4 (plaintiff:  "Mai-Trang Thi Nguyen," of Hollenbeck Avenue, Sunnyvale; defendant: "the United States").  In *Nguyen II*, Ms. Nguyen has again brought suit against the United States.  *See* Nguyen II, Compl. (ECF No. 1) at 1-2 (plaintiff:  "Mai-Trang Thi Nguyen," of Hollenbeck Avenue, Sunnyvale; defendant:  "The United States")).  Both lawsuits involve the same parties.  Thus, the third requirement has been satisfied.  Thus, the Court should dismiss Plaintiff's Complaint due to res judicata.

### B.    The Court Should Dismiss this Election Case, Because Plaintiff Lacks Standing.

Alternatively, the Court should dismiss this case for the same reasons that it dismissed *Nguyen I:* lack of standing and mootness.  *Nguyen*, 2022 WL 822435, at *1-2.  The United States first addresses Plaintiff's lack of standing.

1    In order to avoid dismissal on standing grounds, a plaintiff must show (1) that she has "suffered

2    an injury in fact" that is (a) "concrete and particularized" and (b) "actual or imminent, not conjectural or

3    hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) it

4    is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

5    *Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1012 (9th Cir. 2021) (citing

6    *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

7
8
          **1.**       **Plaintiff has no cognizable injury-in-fact, because the voting concerns are generalized grievances.**

9    Plaintiff cannot establish a legally cognizable injury-in-fact sufficient to maintain any claim

10   against the United States, because the alleged injuries are non-cognizable generalized grievances – the

11   kind of injury "that is 'plainly undifferentiated and common to all members of the public.'" *Lance v.*

12   *Coffman*, 549 U.S. 437, 440-41 (2007) (quoting *United States v. Richardson*, 418 U.S. 166, 176-77

13   (1974)); *see also Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (explaining that "a 'generalized

14   grievance,' no matter how sincere," cannot support standing).

15   In this case, Plaintiff has not alleged a particular, concrete injury.  *See Whitewater Draw Nat.*

16   *Res. Conservation Dist.*, 5 F.4th at 1012.  Rather, Plaintiff alleges in the course of the 2020 Presidential

17   Election, "duplicated voting ballots" were "sent out by mail," so "[d]ead people could vote" and a "voter

18   can cast 4 votes."  *Nguyen II*, Compl. (ECF No. 1) at 7:14-25.  Plaintiff apparently contends that due to

19   potential errors in the 2020 Presidential Election, voter dilution was possible.

20   This is the type of alleged abstract injury that cannot satisfy Article III standing.  *See Spokeo*,

21   *Inc. v. Robins*, 578 U.S. 330, 339-40 (2016); *Lujan*, 504 U.S. at 573-74 (a "generally available grievance

22   about government—claiming only harm to his and every citizen's interest in proper application of the

23   Constitution and laws . . . does not state an Article III case or controversy").  Plaintiff's interest in the

24   2020 Presidential Election is no different from that of any other voter.

25   In *Nguyen I*, this Court properly held that "Plaintiff fail[ed] to establish standing because she

26   [did] not allege a cognizable injury or redressability."  *Nguyen*, 2022 WL 822435, at *1.  Plaintiff's

27   alleged injury was not "concrete or particularized," as  "[s]uch a 'generally available grievance about

28
FEDERAL DEF.'S MOTION TO DISMISS
CASE NO. 22-CV-00948-NC

1    government–claiming only harm to [the plaintiff's] and every citizen's interest in proper application of

2    the Constitution and laws, and seeking relief that no more directly and tangibly benefits [them] than it

3    does the public at large' is insufficient to establish standing." *Id*. (citing *Lujan*, 504 U.S. at 573-74).

4            Likewise, other Ninth Circuit courts have rejected similar voter dilution claims, because the

5    purported injuries were not concrete or particularized.  *See, e.g., Paher v. Cegavske*, 457 F. Supp. 3d

6    919, 926 (D. Nev. 2020) (finding that "Plaintiffs' purported injury of having their votes diluted due to

7    ostensible election fraud may be conceivably raised by any Nevada voter.  Such claimed injury therefore

8    does not satisfy the requirement that Plaintiffs must state a concrete and particularized injury."); *Donald*

9    *J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1000 (D. Nev. 2020) (finding that alleged

10    injuries due to "vote dilution" were "speculative" and not "particularized"); *Bowyer v. Ducey*, 506 F.

11    Supp. 3d 699, 711-12 (D. Ariz. 2020) (voter dilution "allegations are nothing more than generalized

12    grievances that any . . . who voted could make if they were so allowed" and collecting cases).

13            Likewise, multiple Courts of Appeals have found that plaintiffs had not satisfied the injury-in-

14    fact requirement in 2020 Presidential Election cases.  *See Wood v. Raffensperger*, 981 F.3d 1307, 1314-

15    15 (11th Cir. 2020) (holding that plaintiff's injury of vote dilution based on his interest in compliance

16    with state election laws "is a 'paradigmatic generalized grievance that cannot support standing'"), *cert*

17    *denied*, 141 S. Ct. 1379 (2021); *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 354, 356 (3d Cir.

18    2020) (dismissing similar Equal Protection and Elections Clause claims for lack of standing and holding

19    that "state actors counting ballots in violation of state election law . . . is not a concrete harm under the

20    Equal Protection Clause of the Fourteenth Amendment"), *cert. granted and remanded with instructions*

21    *to dismiss as moot*, 141 S. Ct. 2508 (Apr. 19, 2021).  *Cf. Consumer Fin. Prot. Bureau v. Gordon*, 819

22    F.3d 1179, 1187 (9th Cir. 2016) ("A generalized grievance is not enough; a plaintiff must have more

23    than merely an interest in seeing the law obeyed.").

24            In addition, Plaintiff has a prudential standing problem.  "Prudential standing encompasses 'the

25    general prohibition on a litigant's raising another person's legal rights."  *United States v. Lazarenko*, 476

26    F.3d 642, 649-50 (9th Cir. 2007) (citation and quotation marks omitted).  *Cf. Texas v. Pennsylvania*, 141

27    S. Ct. 1230 (2020) (mem.) ("Texas has not demonstrated a judicially cognizable interest in the manner

28

1   in which another State conducts its elections.").  In this case, Plaintiff's concerns reach how other states

2   conducted the 2020 Presidential Election.  *See Nguyen II*, Compl. (ECF No. 1) at 8:7-1` ("No recount-

3   recheck was conducted in razor-thin battleground states in which ballot-by-mail votes dictated the

4   outcome of the election.").

5           Indeed, many additional courts have rejected standing based on similar allegations that

6   plaintiffs—as voters—were discouraged to vote, concerned about the election results, or felt their votes

7   were diluted or diminished by the fact that others were allowed to vote or engage in election-related

8   speech.  *See, e.g.*, *Feehan v. Wisconsin Elections Comm'n*, 506 F. Supp. 3d 596, 608-09 (E.D. Wis. Dec.

9   9, 2020) (finding no particularized, concrete injury in 2020 Presidential Election case), *appeal*

10  *dismissed*, No. 20-3396, 2020 WL 9936901 (7th Cir. Dec. 21, 2020); *O'Rourke v. Dominion Voting Sys.*,

11  No. 20-cv-3747-NRN, 2021 WL 1662742, at *4-11 (D. Colo. Apr. 28, 2021) (finding that "Plaintiffs'

12  claimed injuries are general, unparticularized, and shared with every other registered voter in America"),

13  aff'd, No. 21-1161, 2022 WL 1699425 (10th Cir. May 27, 2022).  Plaintiff does not have a legally

14  cognizable injury.

15
                **2.      Plaintiff's alleged injury is not redressable, as the 2020 Presidential Election
16                         process has been completed.**

17          Plaintiff's alleged injury related to the 2020 Presidential Election results is not redressable.  Even

18  if Plaintiff could establish that the meritless claims asserted more than generalized grievances, Plaintiff

19  has not established that the Court can redress the claims.

20          In *Nguyen I*, this Court properly held that Plaintiff's alleged injuries were not redressable.

21  *Nguyen*, 2022 WL 822435, at *2.  "The Court cannot provide this [requested] redress. Recounting the

22  votes from the 2020 Presidential Election would require decertifying the results that have already been

23  certified, submitted to the Electoral College, and acted upon. The relief Plaintiff seeks is 'beyond this

24  court's ability to redress absent the mythical time machine.'"  *Id*. (citing *Feehan*, 506 F. Supp. 3d at

25  615).

26          Likewise, in this case, the relief Plaintiff apparently seeks, which would include de-certifying the

27  results of the 2020 Presidential Election, would disenfranchise not only Plaintiff's vote, but also the

28

1 | nearly 160 million others who voted in the 2020 Presidential Election.  *See King v. Whitmer,* 505 F.

2 | Supp. 3d 720, 735 (E.D. Mich. 2020) ("Plaintiffs' alleged injury does not entitle them to seek their

3 | requested remedy because the harm of having one's vote invalidated or diluted is not remedied by

4 | denying millions of others *their* right to vote."), *appeal dismissed*, No. 20-2205, 2021 WL 688804 (6th

5 | Cir. Jan. 26, 2021).

6 | **C.    Plaintiff's Lawsuit is Moot, as the 2020 Presidential Election is Done.**

7 | Moreover, this case should be dismissed on mootness grounds.  In *Nguyen I*, this Court

8 | succinctly held that "Plaintiff's claim is also moot."  *Nguyen*, 2022 WL 822435, at *2.  This Court

9 | reasoned, "[i]n the case of challenges to the 2020 Presidential Election, courts 'cannot turn back the

10 | clock' and order a recount because the results of the election are already final and certified."  *Id.* (citing

11 | *Wood*, 981 F.3d at 1317; *King*, 505 F. Supp. 3d at 729-30; and *Bowyer*, 506 F. Supp. 3d at 719-20).

12 | Indeed, even before Plaintiff filed *Nguyen II* case, the electors had cast their votes, Congress

13 | confirmed those votes, and President Biden was sworn into office.  To the extent there was ever any

14 | possibility that this Court could grant Plaintiff's requested relief, there no longer is, and thus mootness

15 | strips this Court of subject-matter jurisdiction.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)

16 | (explaining that a case becomes moot "'when the issues presented are no longer 'live' or the parties lack

17 | a legally cognizable interest in the outcome'" (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per

18 | curiam)).  *See In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016) ("Constitutional

19 | mootness is jurisdictional and derives from the case-or-controversy requirement of Article III.")

20 | In the context of election matters, the Supreme Court has held that a case is moot when the

21 | challenged procedure has already been performed.  In *Jones v. Montague*, the plaintiffs sued the Virginia

22 | governor and the Secretary of the Commonwealth requesting an injunction of an election canvass.  *Jones*

23 | *v. Montague,* 194 U.S. 147, 153 (1904).  The Supreme Court rejected their challenge, holding that the

24 | case was moot because "the thing sought to be prohibited has been done, and cannot be undone by any

25 | order of court."  *Id.*

26 | As this Court has recognized, other courts analyzing the 2020 Presidential Election have reached

27 | similar conclusions.  *See, e.g., Wood*, 981 F.3d at 1316-18 (finding requests for recount and to delay

28 |

FEDERAL DEF.'S MOTION TO DISMISS
CASE NO. 22-CV-00948-NC

1   certification moot, and finding that "new recount" would not be meaningful as the "results are already

2   final and certified"); *King*, 505 F. Supp. 3d at 729-31 (finding that "[t]he time has passed to provide

3   most of the relief Plaintiffs request" and that "the remaining relief is beyond the power of any court");

4   *Bowyer*, 506 F. Supp. 3d at 720 (finding that as the federal court did not have the power to de-certify

5   election results, "it would be meaningless to grant Plaintiffs any of the remaining relief they seek.").

6           There is simply no actual, ongoing case or controversy pertaining to the 2020 Presidential

7   Election for this Court to decide.  The states have already counted their votes; the 2020 Presidential

8   Election has been certified; and President Biden was inaugurated.  The 2020 Presidential Election

9   cannot be "decertified" for additional recounts in battleground states.  Thus, Plaintiff's claims should be

10  dismissed as moot.  *See Jones*, 194 U.S. at 153.

11          **D.      The Court Should Dismiss With Prejudice, Because Amendment Would Be Futile.**

12          The Court should dismiss Plaintiff's operative complaint with prejudice, because Plaintiff cannot

13  save the complaint through amendment.  "Although leave to amend should be given freely, a district

14  court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the

15  pleading deficiencies and amendment would be futile."  *Cervantes v. Countrywide Home Loans, Inc.*,

16  656 F.3d 1034, 1041 (9th Cir. 2011).  *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991);

17  *Gallinger v. Becerra*, 898 F.3d 1012, 1022 n.10 (9th Cir. 2018).

18          Plaintiff cannot cure the defects of this lawsuit, so amendment would be futile.  For instance,

19  Plaintiff's claims are barred by principles of res judicata, so the deficiencies in the Complaint are not

20  curable.  *See Parabia v. State Bank of Texas*, No. 19-cv-0725-BEN-MSB, 2020 WL 4436352, at *2

21  (S.D. Cal. Aug. 3, 2020) ("Because the disposition of Parabia's claims in this case are dependent upon

22  the claims in and the outcome of 14-cv-3031-L (DHB), Parabia cannot cure the deficiencies in the

23  current Complaint. Therefore, this case is dismissed with prejudice."); *Ellis v. Circle K Corp.*, No. 19-

24  cv-01145-PHX-SPL, 2019 WL 10351581, at *2 (D. Ariz. Mar. 7, 2019) (dismissing case with prejudice

25  on res judicata grounds).  As Plaintiff cannot cure the fatal defects through amendment, the Court should

26

27

28

1   dismiss with prejudice.

2   **IV.    CONCLUSION**

3         For the foregoing reasons, the United States request that the Court dismiss the Complaint

4   with prejudice.

5                                            Respectfully submitted,

6                                            STEPHANIE M. HINDS
                                             United States Attorney
7
    Dated:  June 13, 2022            By:     */s/ Christopher F. Jeu*
8                                            CHRISTOPHER F. JEU
                                             Assistant United States Attorney
9                                            Attorneys for Defendant
                                             United States of America
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28